FARMER, J.
The Last Will and Testament of Charles Hodgkins designated Florida National Bank as the personal representative (PR) of the estate. By the time Hodgkins died, First Union had become the successor in interest to Florida National Bank. Sometime after Hodgkins’ death, Dallas Jones sought and received an appointment as Personal Representative of the estate. Immediately upon learning of this appointment First Union petitioned for his removal and for its own appointment.
First Union argued that it was entitled to appointment as the PR because it was the successor in interest to Florida Nation *496 al Bank, which had been designated in the will to be the PR. First Union argued that although section 733.305(2) allows the court to remove a PR once appointed, federal law preempts Florida law to the extent that such a successor banking corporation so entitled may not thereafter be removed.[1]
The trial court recognized that although First Union was indeed entitled to the preference as PR it did not have an absolute right to the appointment. The court refused to appoint First Union because it found that the bank had mishandled the decedent’s estate by delaying distribution and liquidating stocks and bonds without notifying the beneficiaries. We reverse.
Section 733.305(2) provides:
“When a qualified corporation has been named as a personal representative in a will and thereafter transfers its business and assets to, consolidates or merges with, or is in any manner provided by law succeeded by, another qualified corporation, on the death of the testator, the successor corporation may qualify, and the court may issue letters to the successor corporation unless the will provides otherwise.”
§ 733.305(2), Fla. Stat. (1997). At the same time, section 733.401(l)(b) provides that “[a]fter the petition for administration is filed ... the court shall appoint the person entitled and qualified to be personal representative.” [emphasis supplied] First Union argues that it is the only person under the will entitled to be appointed as PR. We agree. Hence it was error to refuse to appoint First Union as PR.
In so saying, we do not mean to suggest that the person so appointed is entitled to stay in the position so long as it desires to do so and may not be removed. The statutory right of entitlement to appointment as PR is simply that, a right to appointment as the PR. We construe the federal statute to confer on the successor no greater rights than the will conferred on the predecessor. If the predecessor had a right to the appointment, it was also a right that was subject to the power of the court to remove it.
The question whether the PR so appointed should be removed is entirely separate, and it is not determined by the PR simply asserting the right to be appointed. If the court is called upon to remove the PR, it will do so on the basis of conduct and circumstances shown by evidence and not simply on the basis, as First Union argues, that it was entitled in the first instance to the appointment.
REVERSED.
GUNTHER and POLEN, JJ, concur.

. See 12 U.S.C. § 215a(e), which provides in relevant part:
“The receiving association, upon the merger and without any order or other action on the part of any court or otherwise, shall hold and enjoy all rights of property, franchises, and interests, including appointments, designations, and nominations, and all other rights and interests as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, and committee of estates of lunatics, and in every other fiduciary capacity, in the same manner and to the same extent as such rights, franchises, and interests were held or enjoyed by any one of the merging banks or banking associations at the time of the merger, subject to the conditions hereinafter provided.” [emphasis supplied]